### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIANA GROSS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>AMERICAN AIRLINES, INC.,<br><br>                    Defendant. | **CASE NUMBER:**<br><br>**COMPLAINT**<br>**AND DEMAND FOR**<br>**JURY TRIAL** |

Plaintiff, Juliana Gross, by her attorneys, WEITZ & LUXENBERG, P.C., on her behalf, upon information and belief, alleges as follows:

### PARTIES

1.      Plaintiff JULIANA GROSS is a citizen of the state of Pennsylvania and resides in Newtown Square, Pennsylvania.

2.      Defendant, AMERICAN AIRLINES, INC., is a Texas corporation with its principal place of business in Dallas, Texas.

### JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 USC §1331 because the rights of the plaintiff to recover damages from the defendant arise under a Treaty entered into by the United States, commonly referred to as the "Montreal Convention," and which is formally known as the "Convention for the Unification of Certain Rules for International Carriage by Air." [1]

---

[1]See *Convention for the Unification of Certain Rules for International Carriage by Air*, Done at Montreal on 28, May, 1999, International Civil Aviation Organization (ICAO) Doc. 9740, reprinted in S. Treaty Doc. No. 106-45, 1999WL33292734 (May 28, 1999), entered into force November 4, 2003..

4.      Venue is appropriate in this Court based upon Article 33 of the Montreal Convention and 28 USC § 1391 because the plaintiff has her principal and permanent place of residence in Newtown Square, Pennsylvania, which is within this District.

## FACTUAL ALLEGATIONS

5.      Prior to August 31, 2018, plaintiff was issued tickets by defendant for a round trip flight from Philadelphia to Paris.

6.      On August 31, 2018, while a passenger on American Airlines flight #754 from Philadelphia, Pennsylvania to Paris, France, plaintiff was injured when she was caused to fall upon disembarking from the airplane onto portable stairs provided by the defendant.

7.      As a result of the fall, plaintiff suffered severe and permanent injuries, incurred extensive medical and rehabilitation expenses, and experienced pain and suffering, among other injuries and expenses.

## FIRST CAUSE OF ACTION
### Strict Liability Under the Montreal Convention

8.      Plaintiff re-alleges herein each and every allegation contained in the preceding paragraphs of this Complaint.

9.      This First Cause of Action is brought pursuant to the Convention for International Carriage by Air ("Montreal Convention"), Article 17, which provides that the defendant is strictly liable for damages sustained in the case of a passenger's bodily injury resulting from an accident which took place in the course of disembarking from the defendant's aircraft.

10.      The occurrence described hereinabove was an "accident" as defined by Article 17 of the Montreal Convention.

2

11.     By reason of the aforesaid "accident", and pursuant to Article 21(1) of the Montreal Convention, plaintiff is entitled to recover damages from defendant in a sum up to the equivalent of 128,821 Special Drawing Rights (SDRs) calculated on the date of judgment.[2]

### SECOND CAUSE OF ACTION
**Negligence under Article 21(2) of the Montreal Convention**

12.     Plaintiff re-alleges herein each and every allegation contained in the preceding paragraphs of this Complaint.

13.     This Second Cause of Action is brought under Article 21(2) of the Montreal Convention under which Defendant is liable for damages in excess of 128,821 SDRs if the bodily injuries suffered by the plaintiff were due to the negligence or other wrongful act or omission of the carrier or its servants or agents.

14.     The injuries suffered by plaintiff were caused solely by the negligence or other wrongful act or omission of the defendant, its servants and/or agents in failing to promulgate a sufficient number of safety regulations, failing to have crewmembers assist passengers in disembarking the plane and in using an inappropriate rolling stairway leading from the exit door to the tarmac.

15.     As a result of the foregoing, and pursuant to Article 21(2) of the Montreal Convention, plaintiff is entitled to recover damages in a sum in excess of 128,821 SDRs.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant in a sum that exceeds 128,821 SDRs, together with interest from August 31, 2018, costs of suit and attorney's fees and such other relief as the Court deems proper.

---

[2] 128,821 Special Drawing Rights (SDRs) currently converts to approximately $179,114.24 United States Dollars (USDs).

## <u>DEMAND FOR A JURY TRIAL</u>

Demand is hereby made for a trial by jury.


Dated:      Cherry Hill, New Jersey
              July 21, 2020

                                 /s/John M. Broaddus
                              John M. Broaddus (PA-77892)
                              WEITZ & LUXENBERG, P.C.
                              220 Lake Drive East, Suite 210
                              Cherry Hill, NJ 08002
                              Tel. (856) 755-1115
                              Fax: (856) 755-1995
                              jbroaddus@weitzlux.com


                              /s/Lawrence B. Goldhirsch
                              Lawrence B. Goldhirsch (Pro Hac Vice pending)
                              WEITZ & LUXENBERG, P.C.
                              Attorneys for Plaintiff
                              700 Broadway
                              New York, NY 10003
                              Tel. (212) 558-5500
                              Fax: (212) 344-5461
                              lgoldhirsch@weitzlux.com

                              Attorneys for Plaintiff